IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN WELLS,

    Petitioner,

v.

WARDEN, BELMONT
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:17-CV-944
JUDGE MICHAEL H. WATSON
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### I. FACTS AND PROCEDURAL HISTORY

Petitioner challenges his December 16, 1997, convictions after a jury trial in the Jefferson County Court of Common Pleas on five counts of rape of a child under the age of thirteen. The trial court imposed terms of ten years, plus two life terms, such sentences to be served consecutively. The Ohio Seventh District Court of Appeals summarized the facts and procedural history of the case as follows:

> On October 10, 1997, Appellant was indicted on five counts of rape of a child under the age of thirteen, in violation of R.C. 2907.02(A)(1)(b). Two of the counts also contained an allegation that Appellant used force or threat of force to accomplish the rape. The victims were his three daughters.

A jury trial commenced on December 16, 1997 and the following day the jury returned verdicts of guilty on all counts. On December 24, 1997, Appellant was sentenced to two life sentences and three ten-year terms of imprisonment, all to be served consecutively. In addition, the trial court classified Appellant as a sexually violent predator. He filed a direct appeal, and the conviction and sentence were affirmed. *State v. Wells*, 7th Dist. No. 98–JE–3, 2000 WL 309401 (Mar. 22, 2000).

*State v. Wells*, 7th Dist. No. 14 JE 5, 2014–Ohio–5504, ¶ 2–3.[1]

On January 22, 2014, Wells filed a document he titled "Motion to Hold a Hearing and to Correct the Illegal and Void Postrelease Control." The trial court overruled the motion and he appealed. We held that the trial court "failed to give Wells the proper notices regarding postrelease control, and that portion of the sentence dealing with postrelease control is hereby vacated and the case remanded for a new hearing solely on the issue of postrelease control." *Id.* ¶ 15.

On February 23, 2015 a resentencing hearing was held advising Wells of post-release control pursuant to our remand. Wells appealed this judgment, but subsequently filed a motion contending the entry was not a final, appealable order. We agreed and remanded the case to allow the trial court to enter a sentencing order that complied with Crim.R. 32 and imposed a term of incarceration that included the post-release control notice. At the July 23, 2015 resentencing hearing Wells made several arguments regarding his conviction and sentence that the trial court refused to consider; the trial court imposed post-release control and issued a judgment entry on July 28, 2015, to comply with Crim. R. 32.

Wells asserts five assignments of error:

The Judgment Entry of Resentencing Journalized by the Trial Court March 06, 2015, is not a "Judgment" as Defined by Crim.R. 32(C), as it fails to Set Forth any of Several Substantive Matters Required by Said Rule, Fails to Incorporate the Entire Judgment in a Single Document, and Requires Reference to a Separate Document, the Original Sentencing Entry, In Order to Attempt to Determine What the Entire Judgment is.

---

[1] Petitioner asserted on direct appeal that he had been denied the effective assistance of trial counsel, and denied a fair trial due to the trial court's refusal to grant his request for a continuance of the trial date. *See State v. Wells*, No. 98-JE-3, 2000 WL 209401 (Ohio Ct. App. Mar. 22, 2000).

The Trial Court Erred to the Prejudice of the Appellant's Due Process Rights by Repeatedly Refusing to Permit the Appellant to Present and Argue His Several Objections to the Reimposition of Postrelease Control Where Such Objections Went to the Legal Power, Authority, and to the Jurisdiction of the Trial Court to Reimpose PRC, and to Challenge the Legal Foundations of the Postrelease Control as Themselves Being Void and Illegal Under Both State and Federal Law.

The Trial Court Erred to the Prejudice of the Appellant's Due Process Rights by Reimposing PRC and by Failing to Vacate the Illegal and Void Sentences and Convictions where the Jury Verdicts Fail to Set Forth a Valid, Legal, and Constitutional, Finding of Guilt for any offense; and Where the Jury Verdicts Fail to Provide the Trial Court with the Legal Power, Authority, or Jurisdiction to Render a Legal and Valid Judgment of Conviction, to Impose a Sentence (sic), and to Impose PRC as Part of the Sentence.

The Trial Court Ered (sic) to the Prejudice of the Appellant's Due Process Rights by Reimposing PRC and by Failing to Vacate the Illegal and Void Sentences and Convictions where the. Jury Verdicts to the "Force Specifications" are Void for Want 'of Subject Matter Jurisdiction; for Failing to Set Forth Sufficient Facts to Constitute a Legal WO Constitutional Finding of Guilt; for Constructively Amending Counts 4 and 5, Changing the Name and Nature Thereof; for Constructively Violating Ohio's Version of Separation of Powers, where such Defects Deprive the Trial Court of the Legal Power, Authority, and/or Jurisdiction to Reimpose PRC for Want of a Valid Sentence and Judgment Necessary to Support a valid Term of PRC

The Trial Court Erred to the Prejudice of the Appellant's Due Process Rights by Reimposing PRC where the Original Judgment Entry, that Was Not Changed, is Not Final as it Sets Forth Two Life Sentences that are Void and Illegal for the Trial Court Having Ignored a Mandatory Statutory Sentencing Provision When the "Attempted Sentences" were "Imposed"; and Setting Forth Two Undefined "Life" Terms, and Unconstitutional "Bad Time"

In the 2014 appeal we remanded the case solely for the trial court to properly advise and impose post-release control. Yet Wells is not only challenging the post-release notification, he is attempting to challenge his conviction and sentence. We rejected his previous attempt to do so:

Appellant raises other errors unrelated to his arguments on postrelease control, but the Ohio Supreme Court has made it very clear that no other issues may be raised when making a collateral attack on a sentence based on an error in imposing postrelease control. [*State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332 at ¶ 31]. This is because any other alleged errors raised by Appellant regarding his sentence could have been raised in his original appeal and are now *res judicata*, *State v. Wells*, 7th Dist. No. 98–JE–3, 2000 WL 309401 (Mar. 22, 2000).

*Wells*, 7th Dist. No. 14 JE 5, 2014–Ohio–5504, ¶ 14.

Thus, we will not address any assigned error which is barred by *res judicata.* The only issue before us for consideration is whether Wells' post-release control notification was proper. In our 2014 opinion we held:

The court's notice in the sentencing entry correctly states that Appellant shall be subject to postrelease control by the parole board, but fails to state that the length of postrelease control shall be five years. The Supreme Court has determined that the notice was insufficient without mentioning the length of postrelease control. *State v. Bloomer*, 122 Ohio St.3d 200, 2009–Ohio–2462, 909 N.E.2d 1254, ¶ 69. Further, the trial court stated at the sentencing hearing that postrelease control would be "at least" five years, rather than exactly five years, unless reduced by the parole board. (12/24/97 Tr., p. 10.) Appellant cites no cases that find error with the words "at least" in this context. One court has held that the use of the phrase "at least" is error but does not rise to reversible error because it still serves the purpose of putting the defendant on notice that, at minimum, there will be five years of postrelease control. *State v. Tucker*, 8th Dist. No. 95289, 2011–Ohio1368. Nevertheless, R.C. 2967.28(B) states that there "shall be" five years of postrelease control rather than "at least" five years, and as the state has failed entirely to respond in this matter, use of the phrase "at least" in the context of this appeal is error and should be corrected on remand.

*Wells*, 7th Dist. No. 14 JE 5, 2014–Ohio–5504, ¶ 12.

On remand the trial court stated in the judgment entry: "Defendant was advised that upon completion of his prison term the Defendant shall be subject to further period of supervision being under Post–Release Control for a mandatory five (5) year period of supervision and as the Parole Board may determine pursuant to law." However during the hearing, the trial court failed to specifically notify Wells

> that the post-release control period was for five years: "Now, upon completion of your prison term the offender shall be subject to a further period of supervision being Post–Release Control as the Parole Board may determine pursuant to law."
>
> A trial court must inform a defendant of post-release control at both the sentencing hearing and within the sentencing entry. *State v. Butler*, 7th Dist. No. 10 JE 44, 2011–Ohio–6366, ¶ 6, citing *State v. Singleton,* 124 Ohio St.3d 173, 2009–Ohio–6434, 920 N.E.2d 958, ¶ 22. As such, this assigned error is meritorious.
>
> In sum, most of the assignments of error alleged by Wells are barred from consideration by *res judicata*. However, the trial court erred with respect to the post-release control notification. Accordingly, Wells' convictions and sentences are affirmed. However, the trial court's judgment is reversed, and the case remanded for a limited resentencing hearing for the proper advisement and imposition of post-release control.

*State v. Wells*, No. 15 JE 7, 2016 Ohio App. LEXIS 789, *5–7 (Ohio Ct. App. 2016). On May 9, 2016, the appellate court denied Petitioner's motion for reconsideration as untimely. *State v. Wells*, No. 15 JE 0007, 2016 Ohio App. LEXIS 1876 (Ohio Ct. App. 2016). The Supreme Court of Ohio declined to accept jurisdiction of the appeal. *State v. Wells*, 146 Ohio St.3d 1470 (Ohio 2016). On January 23, 2017, the United States Supreme Court denied the petition for a writ of *certiorari. Wells v. Ohio*, 137 S.Ct. 834 (2016).

On October 26, 2017, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts nine grounds for relief:

> 1. The Petitioner was denied Due Process and his Jury Trial rights where the State Trial Court entered judgment of conviction and imposed sentence where the Jury failed to find, and failed to set out in their verdicts, every element essential to the conviction and sentence; and where the Jury Verdict Forms, which matched the jury instructions, constructively amended and changed the name and/or nature of the charged offenses, and reduced the State's burden of proof by delaying determination of elements essential to the guilty finding essential to the enhanced offenses from the jury's consideration.

2. The Petitioner was denied Due Process when the State Trial Court imposed/re-imposed postrelease control (PRC) without a valid sentence, without a valid judgment of conviction, and without a valid guilt determination set out in one or more Jury's Verdicts.

3. The Petitioner was denied due process when the State Trial Court rendered judgment of conviction and imposed multiple sentences with a want of jurisdiction over the subject matter of the sets of facts upon which the jury made their guilt determinations as shown within the record and set out in the Jury's verdicts.

4. The Petitioner was denied Due Process where the State Trial Court refused to hear or properly determine the Petitioner's objections and challenges to the void and illegal judgment, sentences, and re-imposition/correction of PRC that were made during the resentencing hearings, and where the State Appellate and Supreme Courts refused to determine the Petitioner's appeal on the merits.

5. The Petitioner was denied Due Process, his Jury Trial rights, and Constitutional Double Jeopardy Protections when the State Trial Court rendered judgment of conviction and imposed several sentences for five Counts that charged the same offense repeatedly.

6. The Petitioner was denied Due Process when the State Trial Court impose[d] two undefined "life" terms.

7. The Petitioner was denied Due Process when the State Trial Court imposed, then re-imposed, "bad time", which the Ohio Supreme Court determined was unconstitutional approximately 15 years before it was reimposed.

8. The Petitioner was denied Due Process when the State Trial Court sentenced him beyond the maximum terms allowed on the basis of the facts found by the jury in its verdicts.

9. The Petitioner was denied Due Process where the State Trial Court ignored statutory mandatory sentencing provisions when imposing the multiple sentences.

## II. DISCUSSION

As noted, Petitioner has raised nine assignments of error.

## A. Procedural Default

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If the prisoner fails to do so, but still has an avenue open to present the claims, then the petition is subject to dismissal for failure to exhaust state remedies. *Id.*; *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas." *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1991). This Court may *sua sponte* raise the issue of procedural default when conducting preliminary review of the habeas corpus petition under Rule 4. *See Watkins v. Warden, Dayton Corr. Inst.*, No. 2:16-cv-00501, 2016 WL 4394138, at *2 (S.D. Ohio Aug. 18, 2016) ("[A]lthough federal courts are not required to raise procedural default sua sponte, neither are they precluded from doing so.").

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir.

2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. As the Supreme Court found in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case—that is, they are "procedurally defaulted."

To determine whether procedural default bars a habeas petitioner's claim, courts in the Sixth Circuit engage in a four-part test. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Scuba v. Brigano*, 259 F. App'x 713, 718 (6th Cir. 2007) (following the four-part analysis of *Maupin*). First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. Second, the court must determine whether the state courts actually enforced the state procedural sanction. Third, the court must determine whether the forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Maupin*, 785 F.2d at 138. Finally, if "the court determines that a state procedural rule was not complied with and that the rule [has] an adequate and independent state ground, then the petitioner" may still obtain review of his or her claims on the merits if the petitioner establishes: (1) cause sufficient to excuse the default and (2) that he was actually prejudiced by the alleged constitutional error. *Id.*

Petitioner has procedurally defaulted the claims he presents for review because *res judicata* now bars the claims he failed to bring on direct appeal. The trial court convicted Petitioner in 1997, and his time to appeal expired long ago. Indeed, the state appellate court expressly noted that *res judicata* bars most of the claims Petitioner raises. *Wells*, 2016 Ohio App. LEXIS 789 at*7 ("In sum, most of the assignments of error alleged by Wells are barred from consideration by *res judicata*."). Further, Petitioner's other claims—if brought in state court now—likewise would be barred. *See State v. Perry*, 226 N.E.2d 104, 108 (Ohio 1967) (holding that claims must be raised on direct appeal, if possible, or they will be barred by the doctrine of *res judicata*); *see also State v. Cole*, 443 N.E.2d 169, 171 (Ohio 1982); *State v. Ishmail*, 423 N.E.2d 1068, 1070 (Ohio 1981).

Ohio courts have consistently refused, in reliance on the doctrine of *res judicata*, to review the merits of procedurally barred claims. *See Cole*, 443 N.E.2d at 170–71; *Ishmail*, 423 N.E.2d at 1070. The Sixth Circuit has held that Ohio's doctrine of *res judicata* is an independent and adequate ground for denying federal habeas relief. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006); *Coleman v. Mitchell*, 268 F.3d 417, 427–29 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000); *Byrd v. Collins*, 209 F.3d 486, 521–22 (6th Cir. 2000); *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998). Finally, with respect to the last *Maupin* factor, the independence prong, the Court concludes that Ohio's doctrine of *res judicata* in this context does not rely on or otherwise implicate federal law. Accordingly, the Court is satisfied from its own review of relevant case law that *res judicata* rule articulated in *Perry* is an adequate and independent ground for denying relief, and the *Maupin* factors are satisfied.

Petitioner may, however, still secure review of his claims on the merits if he demonstrates cause for his failure to follow the state procedural rules, as well as actual prejudice from the

constitutional violations that he alleges. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[,] ' . . . some objective factor external to the defense [that] impeded . . . efforts to comply with the State's procedural rule.'" *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). It is Petitioner's burden to show cause and prejudice. *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (internal citation omitted)). A petitioner's *pro se* status, ignorance of the law, or ignorance of procedural requirements are insufficient bases to excuse a procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Instead, in order to establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007). Here, the record does not show that Petitioner can establish cause for his procedural default. Consequently, Petitioner's claims are procedurally defaulted.

### B. Claim Four

Claim four merits a separate discussion. In that claim, Petitioner asserts that the state court's refusal to address the merits of his claims as barred under Ohio's doctrine of *res judicata* deprived him of due process. In other words, Petitioner contends that Ohio's application of the doctrine of *res judicata* violates the Constitution. This claim fails to provide a basis for relief. As discussed, federal courts have routinely and consistently enforced application of Ohio's doctrine of *res judicata* as a basis for a procedural default. "*Res judicata* bars not only the relitigation of issues actually litigated but also issues 'which could have been raised with respect to that claim.'" *Evans v. Franklin County Court of Common Pleas*, 184 F. Supp.2d 707, 710 (S.D. Ohio 2001) (citing *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir.

1981); *Brown*, 442 U.S. at 131). "A key policy concern of *res judicata* is the avoidance of piecemeal litigation." *Id.* (citing *Westwood Chemical Co.*, at 1229). Due process does not require that a criminal defendant be provided more than one opportunity to present his claims to the state courts. *See, e.g.*, *Frazier v. Bobby*, No. 3:09-cv-1208, 2011 WL 5086443, at *17–18 (N.D. Ohio Oct. 25, 2011) (Ohio's application of *res judicata* in post-conviction proceedings does not violate due process); *Christie v. Milligan*, No. 3:11-cv-02049, 2014 WL 1246850, at *7–8 (N.D. Ohio March 24, 2014) (enforcing application of Ohio's doctrine of *res judicata* to bar review of claims raised after a re-sentencing hearing) (citation omitted). Moreover, habeas corpus relief under 28 U.S.C. 2254(d)(1) may be granted only where the state courts contravene or unreasonably apply clearly established federal law of the United States Supreme Court, *see Howes v. Fields*, 565 U.S. 499, 505 (2012), and the Supreme Court has never issued such a ruling.

## III. RECOMMENDED DISPOSITION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or

in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED.**

Date: November 7, 2017                     /s/ Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE
                                        \