# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOHN WELLS,

    Petitioner,

v.

WARDEN, BELMONT
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:17-CV-944
JUDGE MICHAEL H. WATSON
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On November 7, 2017, the Magistrate Judge issued a Report and Recommendation ("R&R") pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be dismissed. ECF No. 2. Petitioner has filed objections to the Magistrate Judge's R&R. ECF Nos. 4, 5. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's objections, ECF Nos. 4, 5, are **OVERRULED**. The R&R, ECF No. 2, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his December 16, 1997, convictions after a jury trial in the Jefferson County Court of Common Pleas on five counts of rape of a child under the age of thirteen. He asserts as follows:

> 1. The Petitioner was denied Due Process and his Jury Trial rights where the State Trial Court entered judgment of conviction and imposed sentence where the Jury failed to find, and failed to set out in their verdicts, every element essential to the conviction and sentence;

and where the Jury Verdict Forms, which matched the jury instructions, constructively amended and changed the name and/or nature of the charged offenses, and reduced the State's burden of proof by delaying determination of elements essential to the guilty finding essential to the enhanced offenses from the jury's consideration.

2. The Petitioner was denied Due Process when the State Trial Court imposed/re-imposed postrelease control (PRC) without a valid sentence, without a valid judgment of conviction, and without a valid guilt determination set out in one or more Jury's Verdicts.

3. The Petitioner was denied due process when the State Trial Court rendered judgment of conviction and imposed multiple sentences with a want of jurisdiction over the subject matter of the sets of facts upon which the jury made their guilt determinations as shown within the record and set out in the Jury's verdicts.

4. The Petitioner was denied Due Process where the State Trial Court refused to hear or properly determine the Petitioner's objections and challenges to the void and illegal judgment, sentences, and re-imposition/correction of PRC that were made during the resentencing hearings, and where the State Appellate and Supreme Courts refused to determine the Petitioner's appeal on the merits.

5. The Petitioner was denied Due Process, his Jury Trial rights, and Constitutional Double Jeopardy Protections when the State Trial Court rendered judgment of conviction and imposed several sentences for five Counts that charged the same offense repeatedly.

6. The Petitioner was denied Due Process when the State Trial Court impose[d] two undefined "life" terms.

7. The Petitioner was denied Due Process when the State Trial Court imposed, then re-imposed, "bad time", which the Ohio Supreme Court determined was unconstitutional approximately 15 years before it was reimposed.

8. The Petitioner was denied Due Process when the State Trial Court sentenced him beyond the maximum terms allowed on the basis of the facts found by the jury in its verdicts.

9. The Petitioner was denied Due Process where the State Trial Court ignored statutory mandatory sentencing provisions when imposing the multiple sentences.

Petition, ECF No. 1.

The Magistrate Judge recommended dismissal of claim four as failing to provide a basis for federal habeas corpus relief and the remainder of Petitioner's claims as procedurally defaulted.

Petitioner objects to the Magistrate Judge's recommendation of dismissal. Petitioner again argues that the state courts improperly applied *res judicata* to bar consideration of the merits of his claims after the trial court's 2015 re-sentencing hearing, because his sentence was void under Ohio law. Petitioner contends that the trial court's re-sentencing entry constitutes a new judgment that permits consideration of all his claims in these proceedings, despite his failure to previously raise his claims on direct appeal. Petitioner claims that the record will show that the State modified the charges via the verdict forms after the close of evidence, thereby resulting in a void and non-final judgment and sentence, and complains that the Court has not reviewed the record. Obj., ECF No. 4, PAGEID # 33; *see also* ECF No. 5. Additionally, Petitioner asserts that he is actually innocent of the charges and is the victim of a manifest miscarriage of justice. ECF No. 5, PAGEID # 47–52. In support of this allegation, he has attached the affidavit of John Amos, ECF No. 5-1, PAGEID # 80–85, and also refers to exhibits he attached in support of his prior § 2254 petition. *See Wells v. Bagley*, Case No. 2:01-cv-628.[1] PAGEID # 37. Amos

---

[1] On June 4, 2001, Petitioner filed a prior § 2254 petition challenging the same convictions that he does in these proceedings. On June 28, 2002, the Court dismissed that action. However, the Sixth Circuit has held that, even where a sentence is vacated and remanded for re-sentencing solely to include a term of post-release control, it creates a "new judgment" that does not implicate successive petition concerns. *In re Stansell*, 828 F.3d 412, 419 (6th Cir. 2016).

indicates, *inter alia*, that Petitioner's wife, Drema Wells, wrongly accused Petitioner of molesting their children so that she could be with his brother, that Petitioner is innocent, and that she and her boyfriend convinced the children to lie when they testified against him. PAGEID # 82–3. Amos also indicates that one of the alleged victims told him several years after the trial that she had lied. PAGEID # 84. Petitioner has additionally attached copies of the jury verdicts and portions of the trial transcript. PAGEID # 53–79.

Petitioner's arguments are not persuasive. The state appellate court held that Petitioner had waived any complaint regarding the verdict forms by failing to object at trial. *State v. Wells*, No. 98-JE-3, 2000 WL 309401, at *7 (Ohio App. 7th Dist. March 22, 2000) ("As to appellant's complaints about the verdict forms, he did not object to them at trial thereby waiving all but plain error.") (citing *State v. Williams*, 74 Ohio St. 3d 569, 581 (1996))). The Sixth Circuit has held that a state court's plain-error review does not constitute a waiver of the state's procedural default rules, *Seymour v. Walker*, 224 F.3d 542, 557 (2000), and any "alternative ruling on the merits [does] not remove the procedural default because 'a state court need not fear reaching the merits of a federal claim in an alternative holding,'" *Conley v. Warden Chillicothe Corr. Inst.*, 505 F. App'x 501, unpublished, 2012 WL 5861713, at *5 (6th Cir. 2012) (citing *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989); *Coe v. Bell*, 161 F.3d 320, 330 (6th Cir. 1998)). Moreover, the Sixth Circuit has held that Ohio's contemporaneous objection rule constitutes an adequate and independent state ground barring federal review absent a showing of cause for the waiver and resulting prejudice. *See Williams v. Bagley*, 380 F.3d 932, 968 (6th Cir. 2004); *Hinkle v.*

*Randle*, 271 F.3d 239, 244 (6th Cir. 2001). Therefore, Petitioner has procedurally defaulted this issue for review in these proceedings. He has failed to establish cause and prejudice for this procedural default. For the reasons previously addressed by this Court, Petitioner's convictions involve separate victims and separate acts and do not violate the Double Jeopardy Clause. *Wells v. Bagley*, Case No. 2:01-cv-628, R&R, ECF No. 29. This Court has access to Petitioner's prior federal habeas corpus petition and the record that was filed in that case. Moreover, as discussed by the Magistrate Judge, Petitioner has procedurally defaulted all of the claims he now raises challenging his initial judgment entry of conviction and sentence, which claims he failed to raise in his first direct appeal. *See McKinney v. Warden, Warren Correctional Institution*, No. 2:14-cv-1992, 2017 WL 2336009, at *13–14 (S.D. Ohio May 30, 2017) (enforcing the procedural default under these same circumstances).

The United States Supreme Court has held that a claim of actual innocence may be raised "to avoid a procedural bar to the consideration of the merits of [the petitioner's] constitutional claims." *Schlup v. Delo*, 513 U.S. at 326–27. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. at 496. In *Schlup*, the Supreme Court held that a credible showing of actual innocence was sufficient to authorize a federal court to reach the merits of an otherwise procedurally-barred habeas petition. *Id.* at 317. However, the actual innocence claim is "'not itself a constitutional claim, but instead a gateway through

which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Id.* at 315 (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

The actual innocence exception allows a petitioner to pursue his constitutional claims if it is "more likely than not" that new evidence—not previously presented at trial—would allow no reasonable juror to find him guilty beyond a reasonable doubt. *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005). The Court of Appeals for the Sixth Circuit explained the exception as follows:

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Souter*, 395 F.3d at 589–90 (footnote omitted). Petitioner does not meet these standards here.

> At trial, Tasha Wells testified that appellant had performed sexual intercourse with her on numerous occasions since she was three or four years old. Tiffanie Wells testified that appellant had performed oral sex on her and forced her to perform oral sex on him on numerous occasions since she was about three years old. Thomas Wells testified that appellant had performed oral sex on Tara Wells and forced her to perform oral sex on him.
>
> \*\*\*
>
> Tiffanie Wells testified that appellant had told her that he would "smack her" if she ever told anyone about the sexual abuse. Tara Well testified that appellant threatened to dig a hole, chop her head off, and bury her in the hole.

*State v. Wells*, 2000 WL 309401, at *12.

Petitioner's submission of an affidavit from a person who purportedly knew Drema Wells and his brother, indicating that Drema engaged in sexual misconduct and that they falsified the sexual abuse allegations against Petitioner in order to get him sent to prison, and that Tasha later recanted, does not rise to the level of new reliable evidence establishing it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt. Further,

> [r]ecantation testimony, particularly when it is belatedly submitted, is considered "of little value" and "viewed with great suspicion." *See Carter v. Mitchell*, 443 F.3d 517, 539 (6th Cir. 2006) (and cases cited therein).*See also Herrera v. Collins*, 506 U.S. 390, 423 (1993) (O'Connor, J., concurring)) (holding the petitioner had failed to demonstrate a credible claim of actual innocence "under the demanding *Schlup* standard" given that "recanting affidavits are always viewed with 'extreme suspicion' " and "new statements from witnesses years after the crime are inherently suspect" and "are to be viewed with a 'degree of skepticism' "); *Byrd v. Collins*, 209 F.3d 486, 508 n. 16 (6th Cir. 2000)(" 'Recanting affidavits and witnesses are viewed with extreme suspicion by the courts.' ") (quoting *Spence v. Johnson*, 80 F.3d 989, 997 (5th Cir.1996)); *Gray v. Hudson*, 2008 WL 1995362, at *7 (N.D. Ohio May 5, 2008) (Boyko, J.)(stating that "the inherent suspiciousness of the recanting affidavits [of prosecution witnesses] coupled with their late filing more than three years after conviction and the lack of explanation as to why they were filed so late" failed to demonstrate "new reliable evidence" of the petitioner's actual innocence)[.]

*Davis v. Bradshaw*, No. 1:14CV2854, 2016 WL 8257676, at *29 (N.D. Ohio June 16, 2016). In short, review of the entire record fails to reflect that this is such a rare and

extraordinary case reflecting Petitioner's actual innocence so as to justify a merits review of his otherwise procedurally defaulted claims.

For these reasons, and for the reasons discussed in the Magistrate Judge's R&R, Petitioner's objections, ECF Nos. 4 & 5, are **OVERRULED**. The R&R, ECF No. 2, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher,* ——U.S.——. ——, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

This Court is not persuaded that reasonable jurists would debate the dismissal of this case as procedurally defaulted and without merit. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**